## KIMBALL *v.* MARSHALL.

A judge, in cases where he thinks it proper, may order a notice, *de bene esse*, to be given to the adverse party, different from that ordinarily required by the rules; and if such notice is not objected to, or if it is affirmed by the court, it will be held sufficient.

Where, by statute, the day of meeting of the mayor, aldermen and city council for the election of city clerk is appointed to be upon the same day on which the city officers elect are required to assemble and take the oath of office, one half of the aldermen can not defeat a legal election by absenting themselves for the purpose of leaving that board without a quorum.

They are bound to be present at all times when the board is in session, till the election is made; and if a recess or adjournment to a later hour is voted, they are bound to take notice of the time of meeting.

They are bound to take notice of the time appointed for the election of a city clerk as of an adjournment.

THIS is a petition for a mandamus to the defendant, Isaac H. Marshall, to deliver to the plaintiff, John G. Kimball, who claims to be city clerk of the city of Nashua, the records, files, safes, &c., belonging to that office.

The facts appear to be that the defendant was duly elected city clerk of Nashua for the year 1862, and he claims still to hold the office by reason of a failure to elect a new clerk at the close of his year.

A mayor, ten aldermen and twenty common councilmen were duly elected in November, 1862, for the year ensuing the fourth Tuesday of March, 1863. On that day the officers so elected assembled at the city hall, at ten o'clock A. M., and were sworn. The council then retired to their own chamber to complete their organization, and the board of aldermen adjourned to two o'clock P. M.

At about two o'clock the mayor and aldermen met at their chamber, and there remained together till they were called to order by the mayor, probably between three and four o'clock. During this time one of the aldermen, a teacher, left the room, desiring to be sent for when he should be needed, and returned soon after the call to order. The mayor and one or more of the aldermen were absent for a few minutes, but not at the same time. The board, on being called to order, adjourned to seven o'clock P. M. The defendant, the city clerk, was present at those meetings, and his record of the meeting at four o'clock is as follows: "Nashua, March 24, 1863, 2 P. M. There being no quorum present, no action was taken by the board. I. H. Marshall, city clerk." Of the meeting at seven o'clock it would seem he kept no record. At seven o'clock the mayor and five aldermen met and were called to order, and the common council then sitting gave them notice that they were ready to meet the mayor and aldermen in convention, to elect a city clerk, and the mayor and aldermen present proceeded to the chamber of the council, as usual, and the mayor took the chair as presiding officer, and the convention proceeded to elect the city clerk by joint ballot. Twenty-five ballots were cast for that office, of which fifteen were for the petitioner. The votes were duly counted and declared, and the said Kimball was declared duly elected city clerk, and being present he was duly sworn by the mayor, and, being conducted to the clerk's seat by the defendant, entered upon the duties of the office, when the mayor and aldermen retired to their own chamber.

The defendant, conceiving that there had been no legal election, has since claimed to act as clerk, and has kept possession of the records, files, safes, &c., though requested to surrender them to the plaintiff, particularly on the 7th of April, 1863.

On the application to the chief justice the clerk was directed, *de bene esse*, to issue an order of notice, requiring an answer in twenty days. The answer was filed, and a replication, and the petitioner's evidence was taken and submitted.

*George Y. Sawyer*, for the petitioner.

*Minot & Mugridge*, for the petitionee.

BELL, C. J. The court entertain no doubt that it is competent for a judge, upon application, to order notice of any petition or proceeding in court to be given to the adverse party in different form from that usually required by the rules, where the nature of the case is such as to require it. In the present case, where the question relates to an annual office, the whole purpose of the proceeding would be defeated by the delays ordinarily occurring in judicial proceedings. The order in such cases will not be absolute, but only *de bene esse*. It will be good if the party appears without objection. If objection is made, or if there is no appearance, its reasonableness and propriety will be subject to the consideration of the court, and if approved will be held sufficient.

The question arises whether, upon the adjournment of the city

councils to a certain hour, the meeting must be opened at that hour, or within any and what time afterward. The law has fixed no time at or within which such a meeting must be organized, called to order or proceed to business. It has been held that an appearance within the hour after the time fixed will save the default of a party summoned to appear at court at a particular hour ; and in former times the proceedings of town meetings have been set aside by the legislature where a party have been in attendance precisely at the hour, and have at once commenced and dispatched the business of the meeting, and adjourned finally, or dissolved the meeting before the arrival of the members of another party, who, relying upon the usual dilatory mode of commencing such meetings, had made no haste, and had not arrived. And it seems to have been very properly done. A reasonable time should be allowed for parties interested to be present, and an hour may in ordinary cases be well regarded as a reasonable time. Special cases must of course rest on their own circumstances, where they show cause for greater delay.

Usage and custom (not using these words in any technical sense), must furnish in most cases a sufficiently accurate test of what is reasonable as to the time of proceeding to business. It is not usual to commence business at the exact hour appointed. Delays are constantly met and habitually borne with — less in some kinds of business than in others — but to some extent in all; and we apprehend no more definite rule can be laid down than this, that where parties assemble in pursuance of a notice or appointment, and remain together for the purpose of attending to the business as soon as it is found convenient or practicable, the proceedings will be held regular, though the delay may seem unreasonable to impatient persons, or to those who have engagements elsewhere ; and no one of the persons thus assembled would be heard to object to the regularity of the proceedings, if he should go away without having made a suitable effort to induce the proper officers or persons to proceed with the business; and no third person would be heard to object, unless he could show that his rights were affected by the delay.

In the present case all attended apparently who designed to attend at all, and remained together until the meeting was opened and adjourned, which was the only business done in the afternoon. If the meeting had been opened at two o'clock, and remained so until the adjournment at the same hour, the result would have been the same. No other member of the board was then present, or would have appeared afterward, so far as may be presumed from the evidence.

While we entertain this opinion we think the judicious and proper course was needlessly and foolishly departed from. The meeting should have been opened within the hour after the appointed time, and adjourned to another hour, or a recess taken while it was inconvenient to go on with the business.

The last suggestion is founded upon the idea that so many were assembled as to have the power to adjourn. The rule, as we under-

stand, applicable to all deliberative bodies, is that any number have power to adjourn, though they may not be a quorum for the transaction of business.

In general the chair is not to be taken till a quorum for business is present; unless, after due waiting, such a quorum is despaired of, when the chair may be taken and the house adjourned. And whenever, during business, it is observed that a quorum is not present, any member may call for the house to be counted; and, being found deficient, business is suspended. Jefferson's Manual, sec. 6, citing 2 Hats. 125, 126. And Cushing (Manual 19) says: "If at any time in the course of the proceedings notice is taken that a quorum is not present, and such appears to be the fact, the assembly must be immediately adjourned."

If this were not so it must often happen that a small minority might have it in their power to defeat not only the business in hand, but to dissolve and terminate the meeting.

If this were not so generally, yet we think this must be held to be the rule in a case like this, where the law prescribes that a certain duty shall be performed on a particular day. It must either be held that the body once assembled can not adjourn till the business is done, or that so many as are ready to perform their legal duty shall be held competent to continue the meeting until the object is accomplished. Of these consequences both may be held to follow under-circumstances; — the majority could make no legal adjournment to such a time as would defeat the performance of the prescribed duty, and a minority might keep the meeting in existence till the duty was done, by adjournments.

Objection is made to the election of the petitioner, on the ground that one half of the board of aldermen had no notice of the time of adjournment. But we think this objection of no weight. The law holds the members of deliberative bodies, parties attending courts of justice and public meetings, bound to take notice of the time of adjournments, and to be present at the time and place of adjournment without special notice. *City of London* v. *Vanacre*, 12 Mod. 272. This rule may have exceptions, but they are few. Thus it was held that a party, notified to attend the taking of depositions at a certain place and hour, is not bound to attend at the hour; and if, in his absence, the taking is adjourned to another place, without notice to him, the depositions taken can not be used against his objection.

At the meeting of the mayor, five aldermen, and common council, it is contended that there was not present a majority of the aldermen, and that the mayor can not be reckoned as a member of that board to make up a quorum. This question we have not thought it necessary to decide; and we have not deemed it necessary to hold that where the law vests in a convention of the mayor, aldermen and common council, the power to elect, that every integral part of the city government must be present by a majority of its proper members, as has been held elsewhere. We regard this question as substantially settled by the Superior Court in the case of *Beck* v. *Hanscom*, 29 N. H. 213, where it was held that when the

board of aldermen of Portsmouth had voted to meet the common council in convention, to elect a city marshal, an election, made at the time and place of such meeting, by a majority of those present —there being a quorum of the two branches present—was valid, though there was not a quorum of the board of aldermen in attendance; and that it was not in the power of the majority of the aldermen to defeat an election. In this case there was no vote of the ordinary quorum of the aldermen to join the common council in the election, but there was a vote of the common council to meet the mayor and aldermen, both bodies being in session, for the purpose of electing a city clerk, and the assent of the mayor and so many of the aldermen as were present, manifested by their proceeding to the common council-room, and there, under the presidency of the mayor, making an election. These circumstances, under the law requiring this duty to be performed on that day, we consider quite equivalent to the vote of the aldermen in *Beck* v. *Hanscom*, and to justify the application of the same rule. The petitioner was therefore duly elected city clerk, and is wrongfully excluded from the office.

*Mandamus issued.*